## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DUNE ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV2007 JAR |
| | ) | |
| STEVE R. DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Christopher Roberts (registration no. 1165459), an inmate at Potosi Correctional Center ("PCC"), for leave to commence this action without payment of the required filing fee.  For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00.  See 28 U.S.C. § 1915(b)(1).  Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has filed a document stating that he has attempted to obtain a certified copy of his prison account statement but that the officials have refused to provide him with one.  When a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."  Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).  In this instance, the Court will assess an initial partial filing fee of $1.00.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."
Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25,
31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the
named defendants and not for the purpose of vindicating a cognizable right.  Spencer
v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir.
1987).  A complaint fails to state a claim if it does not plead "enough facts to state a
claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S.
544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as defendants are
Steve Davis (Correctional Officer, PCC), Unknown Lacy (same), Wayne Scroggins
(Sergeant, PCC), George Brown (same), Unknown Marler (Captain, PCC), Troy
Steele (Warden, PCC), Heather Cofer (Functional Unit Manager, PCC), Thomas
Collins (CCA, PCC), William Milan (Caseworker, PCC), Karla House (Director of
Nursing), William McKinney (Physician), and Pamela Yancey (Nurse), Thomas
Pearson (Functional Unit Manager, PCC), and Steve Healm (Safety Manager, PCC).

Plaintiff drafted the complaint in two parts, with different defendants and
different claims contained in each part.  In the first part of the complaint, plaintiff
alleges that defendant Davis physically beat him in his cell while he was handcuffed.

Plaintiff says that defendant Lacy was present and aided Davis.  Plaintiff claims this was in retaliation for an argument he had with them the previous evening, during which these defendants as well as defendant Brown threatened him.  Plaintiff says this occurred in September 2011.

In the second part of the complaint, plaintiff claims that he slipped in the shower on June 6, 2011, severely injuring his arm.  Plaintiff asserts that he had previously informed defendants Milan, Collins, Pearson, Helms, and Steele that the showers were dangerous because they had no non-slip surface.  Plaintiff maintains that his arm became very swollen after the incident, but, he says, defendant House refused to give him any medical treatment.  Plaintiff claims he saw defendant McKinney on June 16, 2011, and he ordered X-rays but no other treatment.  Plaintiff maintains that on June 18, 2011, a nurse saw his arm and declared a medical emergency.  Plaintiff says he was then taken to a hospital and diagnosed with a blood infection and inflammation in his muscles.

## Discussion

1.   Permissive Joinder

Rule 18(a) of the Federal Rules of Civil Procedure provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable,

or maritime, as the party has against an opposing party."   As such, multiple claims against a single party are valid.

The instant action, however, presents a case involving multiple claims against multiple defendants.  Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:  "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."   Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).   Moreover, the Court notes that in litigation involving prisoners, "[u]nrelated claims against different defendants belong in different suits . . . [in part] to ensure that prisoners pay the required filing fees–for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."   Id.

In this action, the claims involving defendants Davis, Lacy, and Brown for assault are wholly unrelated to the claims against the remaining defendants for medical mistreatment.   As a result, the Court will dismiss the claims against defendants Scroggins, Marler, Steele, Cofer, Collins, Milan, House, McKinney,

Yancey, Pearson, and Healm because they are not properly joined.  This dismissal is without prejudice to refiling in a separate action.

2.    <u>Review of Remaining Claims</u>

The complaint survives initial review under 28 U.S.C. § 1915(e) against defendants Davis and Lacy.  As a result, the Court will order the Clerk to serve process on these defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that defendant Brown was directly involved in or personally responsible for the alleged assault.  The threats Brown allegedly made against plaintiff are not actionable, and Brown was not present during the assault.  <u>See</u> <u>Burton v. Livingston</u>, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right.").  As a result, the complaint fails to state a claim upon which relief can be granted as to Brown.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Steve Davis and Unknown Lacy.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Steve Davis and Unknown Lacy shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Wayne Scroggins, George

Brown, Unknown Marler, Troy Steele, Heather Cofer, Thomas Collins, William Milan, Karla House, William McKinney, Pamela Yancey, Thomas Pearson, or Steve Healm.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of December, 2011.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

-8-